**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Jet Edge, a division of TC American Monorail, Inc., a Minnesota corporation,

Plaintiff,

vs.

Edward A. Hagen, individually and d/b/a International Waterjet Parts & Services and International Waterjet Parts, a Washington corporation,

Defendants.

**COURT FILE NO. 01-2206 (JRT/FLN)**

**STIPULATED PROTECTIVE ORDER**

---

**WHEREAS,** Jet Edge, a division of TC/American Monorail, Inc. (hereinafter "Plaintiff") and Edward A. Hagen, International Waterjet Parts & Services and International Waterjet Parts (hereinafter "Defendants") are parties to the above-captioned action, and each may have certain information that may constitute trade secrets or other proprietary or confidential research, development, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure; and

**WHEREAS,** Defendants have appeared specially in this action, for the sole purpose of contesting jurisdiction and venue; and

**WHEREAS,** in connection with Defendants' pending Motion to Dismiss for lack of jurisdiction, Plaintiff wishes to file documents which it believes to be confidential; and

**WHEREAS,** it would serve the interests of all parties and facilitate the consideration of

MAR 0 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants' Motion to dismiss that the exchange and filing of such information be conducted under a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Protective Order shall apply to all information, documents and things subject to discovery or submitted as evidence in connection with Motions, hearings, depositions, trial, or other proceedings in this action which are owned by or in the possession of Defendants, Plaintiff, or related entities of either (which hereafter are included in references to Defendants and Plaintiff) and which are believed in good faith by the entity providing the discovery to contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) (hereafter "CONFIDENTIAL MATERIALS"), including without limitation, testimony adduced at deposition upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34 and answers to requests for admission pursuant to Rule 36. CONFIDENTIAL MATERIALS shall include all information, documents and things referring or relating to the foregoing, including, but not limited to, copies, summaries or abstracts of the foregoing. The terms of this Protective Order shall also apply to all information, documents and things produced in connection with this litigation by third parties (hereinafter the "Producing Third Parties"), pursuant to subpoena or otherwise, if the producing third parties

state, in writing, their desire that the terms hereof apply to the information, documents, and things produced by them.

2. Defendants, Plaintiff, and producing third parties shall label or mark documents and things that they produce in discovery and deem to be CONFIDENTIAL MATERIALS with the following term:

**"CONFIDENTIAL" OR "SUBJECT TO PROTECTIVE ORDER"**

Such labeling or marking shall be made when a copy of the document or thing is provided to the discovering party, and unless so labeled or marked, any confidentiality is waived from the time such document or thing is initially provided until the document is subsequently labeled or marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" either by stipulation of the discovering and producing parties or by order of the Court. The failure to label or mark any item CONFIDENTIAL will not in any manner be deemed an admission by the producing entity of lack of proprietary interest or confidentiality of such item in any other matter besides this litigation.

3. In the case of the depositions upon examination or written questions of present or former employees, agents, consultants or testifying experts of Defendants or Plaintiff, the entire testimony of the witness shall be deemed CONFIDENTIAL MATERIALS until the expiration of sixty (60) days after the receipt by counsel for either party [or counsel for the third party representing the witness] of the transcript of the deposition. If counsel representing either party [or counsel for the third party representing the witness] believes that the deposition transcript or portions thereof constitutes CONFIDENTIAL MATERIALS, such counsel shall designate in writing to all counsel within that 60-day period the specific pages and lines constituting such CONFIDENTIAL MATERIALS. Unless so designated, any confidentiality

is waived after the expiration of that 60-day period unless otherwise stipulated or ordered.

4. CONFIDENTIAL MATERIALS shall be deemed confidential, unless and until this Court rules to the contrary, and access thereto or dissemination thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

A. Trial counsel, partners and associates of trial counsel of record in this action (and their secretarial, clerical and legal assistant employees) as needed to provide representation to their client. As used in this Stipulated Protective Order, "trial counsel of record in this action" includes (i) the firms of Dunkley, Bennett, Christensen & Madigan, P.A. representing Plaintiff; and (ii) the firm of Lommen, Nelson, Cole & Stageberg representing Defendants;

B. The individual parties;

C. No more than two officers, one technical employee and one in-house attorney of the corporate parties, including their related entities, whose advice or input is needed to assist that party in the preparation of its case. A copy of the Stipulated Protective Order will be delivered to each officer or employee to whom CONFIDENTIAL MATERIALS are provided, and the party will obtain a signed undertaking in the form of Exhibit A attached hereto from each such officer or employee prior to disclosing CONFIDENTIAL MATERIALS to such officer or employee. The original of each such signed undertaking will be retained by counsel for that party.

D. Such experts or consultants (other than persons employed by or in any way affiliated with Defendants or Plaintiff) as may be selected by counsel to furnish

expert services and/or give testimony in this litigation with respect to the information so disclosed, including their stenographic and clerical personnel; provided that disclosure to such outside experts or consultants and their stenographic and clerical personnel shall be made only after trial counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants first obtains a signed undertaking in the form of Exhibit A attached hereto from each such expert or consultant and retains in his or her files the original of each such signed undertaking.

E. CONFIDENTIAL MATERIALS may be further marked "ATTORNEYS' EYES ONLY" if they contain highly sensitive competitive information, including, but not limited to, customer lists, current or future business plans; sales or marketing strategies; pricing plans; new product development plans; cost of manufacture information; profit information; sales data; agreements and negotiations concerning supply contracts; tax returns; and financial reports. All copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose the substance of documents produced or deposition testimony designated "ATTORNEYS' EYES ONLY" shall also be designated "ATTORNEYS' EYES ONLY."

CONFIDENTIAL MATERIALS marked "ATTORNEYS' EYES ONLY" will be disclosed and disseminated only to trial counsel of record for this action, and to those outside experts or consultants who are reasonably believed by a party to need access to all or part of the CONFIDENTIAL MATERIALS marked "ATTORNEYS' EYES ONLY" in order to adequately perform the functions for which such an expert or consultant was retained (including, without limitation, providing assistance to counsel

in the preparation of the party's case). Each such person reviewing CONFIDENTIAL MATERIALS marked "ATTORNEYS' EYES ONLY" shall sign an Undertaking in the form marked Exhibit B attached hereto, executed under oath, and trial counsel of record in this action who disclosed such "ATTORNEYS' EYES ONLY" CONFIDENTIAL MATERIALS shall retain the original of the agreement with respect to each such person. The provisions of paragraph 8 of this Order shall apply to any request to change the designation of CONFIDENTIAL MATERIALS marked "ATTORNEYS' EYES ONLY" or to show such documents to others.

5. CONFIDENTIAL MATERIALS shall not be made public by the receiving party or divulged to anyone other than the persons entitled to access under paragraph 4. CONFIDENTIAL MATERIALS shall be used by the receiving party and designated recipients for purposes of this litigation only. If CONFIDENTIAL MATERIALS are to be filed with the Court in connection with any proceedings herein, they shall be filed with the Clerk of Court in a sealed envelope prominently marked with the caption of the case and the notation:

"Contains Confidential Information Filed Under Seal Pursuant To The Protective Order of [date]. To Be Opened Only By Or As Directed By The Court."

6. Nothing in this Protective Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude either party from moving the Court for an order directing the disclosure of such material.

7. The acceptance by Defendants and Plaintiff of CONFIDENTIAL MATERIALS

shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS are, in fact, confidential. This Protective Order shall not foreclose either party from moving this court for an order that CONFIDENTIAL MATERIALS are not, in fact, confidential.

8. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modifications of this Protective Order, subject to the approval of the Court. The party seeking the information may request that the party or producing third party asserting the confidentiality consent to:

A. A change in the designation of any document, transcript and/or other information as CONFIDENTIAL MATERIALS; and/or

B. Permission to show the information to persons in addition to those specified herein.

Such request shall be by written notice served on counsel for the party or producing third-party who designated the subject matter as CONFIDENTIAL MATERIALS. Copies of any requests to producing third-parties shall also be sent to counsel for the other party to this litigation. If the requested change is not granted, the requesting party may, within ten (10) days thereafter, move this Court for a change of designation, or a modification of the list of people permitted to review the document. In the event that a motion for modification of the list of people permitted to review the document is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing trial

counsel. In any motion brought in relation to this Order, whether under this paragraph or otherwise, the burden of proof on any claim of confidentiality will be on the party or producing third party asserting that claim. In all other respects, the burden of proof and persuasion will be on the party who would bear that burden but for the existence of this Order.

9. CONFIDENTIAL MATERIALS may be used in testimony at trial, at any motion hearing, and at depositions and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality that this Court may enter, and may be used to prepare for, and conduct discovery, to prepare for trial and to support or oppose any motion all subject to the provisions of this Order, but may not be used for any other purpose except as expressly provided herein or by further Order of the Court.

10. This Protective Order shall not preclude a party from enforcing its rights against any party or non-party believed to be violating the rights of that party.

11. After final termination of this action, trial counsel may retain one copy or sample of the CONFIDENTIAL MATERIALS produced by another party or a producing third party for reference in the event of a dispute over the use or dissemination of information and may retain CONFIDENTIAL MATERIALS to the extent they include or reflect attorneys' work product. After final termination of this action, receiving trial counsel shall return or destroy all additional CONFIDENTIAL MATERIALS in his or her custody, or the custody of any person to whom trial counsel forwarded CONFIDENTIAL MATERIALS. Within 60 days after final termination of the action, each party's trial counsel shall certify to opposing trial counsel that he or she has complied with this paragraph.

12. This Protective Order shall survive the final termination of this action with

respect to any retained CONFIDENTIAL MATTERS.

13. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a receiving party, or (iii) has come into the receiving party's legitimate possession independent of the production by the other party or a third party in the context of this lawsuit. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if said person already has possession thereof, is the originator of the CONFIDENTIAL MATERIALS, or is identified on a written document as having authored or received a copy of it.

14. If counsel for a party or producing third party believes that any question or questions that will be put to a witness at a deposition upon oral examination will disclose information that has been designated as "ATTORNEYS' EYES ONLY" or if documents so designated will be used as exhibits during examination, counsel for the affected party shall so notify all other counsel at that point in the deposition and the portion of the deposition of the witness involving such information shall be taken only in the presence of persons entitled to access to "ATTORNEYS' EYES ONLY" materials under paragraph 4, and the court reporter. Any deposition exhibits containing documents which are marked "ATTORNEYS' EYES ONLY" will similarly be segregated and distributed only in accordance with paragraph 4.

15. No copy of any transcript of any deposition taken by either party which is designated in part or in whole as CONFIDENTIAL MATERIALS in accordance with paragraph 3 hereof shall be shown or furnished by the court reporter to any person other than

paragraph 3 hereof shall be shown or furnished by the court reporter to any person other than to counsel identified in paragraph 4(a) thereof and the deponent. If filed with the Court, the original of any transcript of any deposition designated as CONFIDENTIAL MATERIALS in accordance with paragraph 3 shall be filed under seal in accordance with paragraph 5 hereof, unless otherwise stipulated by the parties.

16. This Stipulation may be signed in counterparts and facsimile copies of signatures of this Stipulation are deemed to be binding on the parties.

17. The fact that Defendants have approved this Stipulated Protective Order is not a basis for ruling that this Court may properly exercise personal jurisdiction over Defendants.

**SO ORDERED.**

Dated: Mar 8, 2002

The Honorable John R. Tunheim
Judge of United States District Court

**APPROVED AS TO FORM:**

LOMMEN, NELSON, COLE & STAGEBERG, P.A.

Dated: February 28, 2002

By

James M. Lockhart, #176746
1800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 336-9301
(612) 339-8064 - Facsimile

Attorneys for Defendants Edward A. Hagen, International Waterjet Parts and International Waterjet Parts & Services

DUNKLEY, BENNETT, CHRISTENSEN &
MADIGAN, P.A.

Dated: February 26, 2002

By: [signature]
Thomas P. Harlan, #210870
701 Fourth Avenue South
Suite 700
Minneapolis, MN 55415
(612) 339-1290
(612) 339-9545 - Facsimile

Attorneys for Plaintiff Jet Edge, a Division of
TC/American Monorail, Inc.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

----------------------------------------------------------------------------------------------------

Jet Edge, a division of TC American Monorail, Inc., a Minnesota corporation,

Plaintiff,

vs.

Edward A. Hagen, individually and d/b/a International Waterjet Parts & Services and International Waterjet Parts, a Washington corporation,

Defendants.

**COURT FILE NO. 01-2206 (JRT/FLN)**

----------------------------------------------------------------------------------------------------

**UNDERTAKING OF ____________**

**STATE OF ____________)**
) ss.
**COUNTY OF __________)**

I, ____________________, being first duly sworn, state that:

1. My address is ____________________________________________________

__________________ .

2. My present employer is ________________________________ and the address of my present employment is __________________________________.

3. My present occupation or job description is ____________________________

________________________ .

4. I have received a copy of the Protective Order in this action signed by District Court Judge ________ on ____________________.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, CONFIDENTIAL MATERIALS which are disclosed to me.

8. I will return all CONFIDENTIAL MATERIALS which may come into my possession, and documents or things which I may prepare relating thereto, to trial counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

Dated: ___________, 2002 ________________________________

Signature

Subscribed and sworn to before me
this __ day of _______, 20__.

____________________

Notary Public